IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-984-D |
| ) | |
| KEVIN STITT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Judicial Defendants' Motion to Dismiss [Doc. No. 4], filed by Oklahoma Supreme Court Justice John Kane IV, Pottawatomie County District Judge John Canavan, Pottawatomie County Special Judge Emily Mueller, and Logan County Associate District Judge Louis Duel. Also before the Court is a Motion to Dismiss [Doc. No. 7], filed by Defendants, Oklahoma Attorney General Gentner Drummond, Pottawatomie County District Attorney Adam Panter, and Speaker of the Oklahoma House of Representatives Charles McCall. Plaintiff filed what appears to be a combined Response [Doc. No. 8]. The matters are fully briefed and at issue.

## BACKGROUND

Plaintiff, appearing pro se, initiated this action by filing an "Affidavit and Petition for Immediate Restoration of Custody of Child" [Doc. No. 1], which the Court construes as a complaint. Plaintiff's complaint alleges that his civil and constitutional rights were violated by several state government and judicial officials, all stemming from an adverse child custody determination in Plaintiff's state-court paternity proceedings against Stacy

1

Cornelius.[1] Specifically, Plaintiff alleges that Judge Mueller violated his due process rights when she granted Ms. Cornelius (the minor child's mother) primary custody. For his claims against the remaining Defendants, Plaintiff alleges that he sent an affidavit – complaining of Judge Mueller's custody determination – to Defendants, who failed to respond.

Plaintiff seeks injunctive and declaratory relief against all Defendants, demanding that this Court: 1) restore Plaintiff's custody rights; 2) order Defendants to answer, "Where does the Oklahoma Constitution grant authority to take children without a trial by jury?"; and 3) declare the law in this matter that "constitutional due process is not statutory due process and the secured liberty interests of Plaintiff cannot be abrogated by court rules or legislation." [Doc. No. 1, at 2-3]. Defendants[2] have moved to dismiss Plaintiff's complaint on various grounds, to include that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; the Court should abstain from exercising jurisdiction pursuant to the *Younger* doctrine; and Judge Mueller is entitled to absolute judicial immunity.

## STANDARD OF DECISION

Pursuant to FED. R. CIV. P. 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Pueblo of Jemez*, 790 F.3d at 1148 n.4. In

---

[1] The Court takes judicial notice of the state-court action, currently pending in the Pottawatomie County District Court, Case No. FP-2017-15. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=pottawatomie&number=FP-2017-00015&cmid=8035311.

[2] All Defendants except Kevin Stitt have moved to dismiss Plaintiff's action.

2

reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id.* In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.* When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.* Here, Defendants' motions to dismiss constitute factual attacks because they challenge the facts upon which Plaintiff bases subject matter jurisdiction.

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 8(a)(2), a complaint must contain "a short and plain statement… showing that the pleader is entitled to relief." Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan Cnty.*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In determining whether Plaintiff has stated a plausible claim against Defendants, the Court ignores "labels and conclusions" and a

"formulaic recitation of the elements of a cause of action," neither of which are entitled to a presumption of truth. *Twombly*, 550 U.S. at 555.

## ANALYSIS

### I.     *Rooker-Feldman* Doctrine

Defendants Drummond, Panter, and McCall seek dismissal pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. Defendants assert that the jurisdictional bar of the *Rooker-Feldman* doctrine applies because Plaintiff asks this Court to reverse the state district court's custody decision and restore custody of his child. "The *Rooker-Feldman* doctrine prohibits a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir. 2013) (quoting *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)). However, the *Rooker-Feldman* doctrine applies only when a state court judgment is final. *Morkel*, 513 F. App'x at 727. Although Plaintiff complains of the state court's order, dated July 29, 2021, by which the state court granted Ms. Cornelius primary custody of the child, the state-court proceedings were ongoing when Plaintiff filed his complaint in this Court. Recently, on September 10, 2024, the state court addressed several motions and set the case for review on January 15, 2025.[3] For these reasons, the Court finds that the *Rooker-Feldman* doctrine does not bar Plaintiff's claims.

---

[3]   *See* Case No. FP-2017-15, Pottawatomie County District Court; https://www.oscn.net/dockets/GetCaseInformation.aspx?db=pottawatomie&number=FP-2017-00015&cmid=8035311. There are also two pending motions filed by the minor child's guardian ad litem, which request that the state court: modify the supervision

## II. *Younger* Abstention Doctrine

The Judicial Defendants argue that the Court should decline jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine provides that federal courts should not "interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999), *implied overruling on other grounds recognized by Dunlap v. Nielsen*, 771 F. App'x 846, 849 (10th Cir. 2019). Abstention is mandatory where: 1) there are ongoing state proceedings; 2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and 3) the state proceedings involve important state interests. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (when the *Younger* criteria are met, abstention is mandatory).

As to the first prong, the Court takes judicial notice of the state-court proceedings, which are ongoing. As recognized in *Brown ex rel. Brown v. Day*, the "ongoing proceeding" prong also asks "whether that proceeding is the *type* of state proceeding that is due the deference accorded by *Younger* abstention." 555 F.3d 882, 888 (10th Cir. 2009). To that end, "[the Tenth Circuit] and other circuits have consistently applied *Younger* to child custody cases." *Morkel*, 513 F. App'x at 728 (collecting cases).

---

requirement for the minor child's stepfather; and approve the guardian ad litem's attorney fees.

For the second prong, Plaintiff has not demonstrated that Oklahoma state courts are an inadequate forum for raising his claims. "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). Further, "[t]he focus for this prong of *Younger* is 'whether [the] claims *could have been raised* in the pending state proceedings.'" *Goings v. Sumner Cnty. Dist. Atty's Off.*, 571 F. App'x 634, 638 (10th Cir. 2014) (quoting *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)). Although Plaintiff alleges in his complaint that "[j]udicial relief for Plaintiff does not exist in Oklahoma courts," this statement is conclusory. Plaintiff's complaint stems from the state court's custody determination. Plaintiff has failed to show that the state court is not an adequate forum to hear his constitutional challenges with respect to the same. *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (following an adverse custody determination in state court, plaintiff had not shown that the state court was an inadequate forum to hear his constitutional challenges to the state family court system); *see also Wiland v. Stitt*, Case No. 24-CV-443-GKF, 2024 WL 4271570, at *2 (N.D. Okla. Sept. 23, 2024) (finding second prong of *Younger* criteria satisfied because the plaintiff's "request for an answer to an Oklahoma constitutional question is best left to the final arbiter of Oklahoma state law: the Oklahoma Supreme Court.").

Third, Plaintiff's state-court proceedings involve important state interests. *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) ("It cannot be gainsaid that adoption and child custody proceedings are an especially delicate subject of state policy,

the [Supreme] Court stating that '[f]amily relations are a traditional area of state concern.'") (quoting *Moore v. Sims*, 442 U.S. 415, 435, (1979)).

For these reasons, the Court abstains from exercising jurisdiction, and Plaintiff's claims seeking injunctive and declaratory relief are **DISMISSED WITHOUT PREJUDICE**.

### III.  Monetary Damages

Plaintiff's complaint does not seek monetary damages. However, an affidavit attached to Plaintiff's complaint claims that Judge Mueller violated Plaintiff's constitutional due process rights and injured him in the amount of $600,000.00 when she granted Ms. Cornelius primary custody of the minor child [Doc. No. 1-1, at 1].

Absolute judicial immunity from suit bars any claims against Judge Mueller for actions taken in her judicial capacity, unless those actions were taken "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Rather, judicial immunity is overcome only in instances of "nonjudicial actions" or judicial actions "taken in the complete absence of all jurisdiction." *Id.* (citing *Forrester v. White*, 484 U.S. 219, 227-28 (1988)); *see also Stump*, 435 U.S. at 356-57. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356.

7

Here, Plaintiff alleges that "[o]n July 29, 2021, Defendant Mueller used prohibited powers and performed an unofficial act in a non-judicial tribunal to compel the custody of Plaintiff's child against due process of law and without Plaintiff's guaranteed right to a trial by jury." [Doc. No. 1, at 2]. Plaintiff's allegation that Judge Mueller performed an "unofficial act in a non-judicial tribunal" is conclusory; Plaintiff's allegations against Judge Mueller clearly stem from her July 29, 2021 order on Ms. Cornelius' motion to modify child custody, by which the state court granted Ms. Cornelius primary custody of the minor child. Setting conclusory statements aside, Plaintiff has not pled sufficient facts to show that Judge Mueller acted outside her capacity as the judge presiding over Plaintiff's paternity proceedings or that Judge Mueller took any actions "in complete absence of all jurisdiction."

For these reasons, Plaintiff's claims against Judge Mueller are **DISMISSED WITH PREJUDICE**. *See Smith v. Glanz*, 662 F. App'x 595, 596 (10th Cir. 2016) (affirming dismissal with prejudice based on judicial immunity).

### IV.   Remaining Arguments

Having found dismissal appropriate on the foregoing bases, the Court declines to consider Defendants' remaining arguments.

### V.   Conclusion

As set forth herein, Defendants' Motions to Dismiss [Doc. Nos. 4, 7] are

**GRANTED**.[4] Plaintiff's claims against Judge Mueller are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against the remaining Defendants are **DISMISSED WITHOUT PREJUDICE** but without leave to amend. A separate judgment shall be entered.

**IT IS SO ORDERED** this 16th day of December, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[4] As stated previously, Defendant Kevin Stitt did not file a motion to dismiss. However, the claims against Stitt are substantially the same as those against Defendants Drummond and McCall and will therefore be dismissed without prejudice pursuant to the *Younger* doctrine.